IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF MASSACHUSETTS

Stephen Stoute

    Plaintiff

V.

Sunila Thomas George, individually and official capacity

Joseph Cohen, individually

Ralph C Martin, Individually

Scott Sheehan, individually

Northeastern University

    Defendants.

---

## CIVIL ACTION COMPLAINT WITH REQUEST FOR JURY

Plaintiff Stephen Stoute complains against Defendants and request trial by jury as follows:

### INTRODUCTION

1 This is an action brought by Stephen Stoute, An African American male, to vindicate profound deprivation of his constitutional rights caused by race based selective law enforcement and race based discrimination in college admission.

2 in concert or conspiracy, Defendants then maliciously and baselessly caused Plaintiff harm through retaliation and prosecution.

### JURISDICTION, VENUE, AND NOTICE

3. This action arises under the Constitution and laws of the United States, including Article 3, section 1 of the United States Constitution and is brought pursuant to 42 U.S.C section 1981, 1983 and 42 U.S.C section 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C section 1331, 1342 and 2201.

4. This case is instituted in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C section 1391 as the judicial district in which all relevant events and omissions occurred and in which defendants maintain offices and/or reside.

## PARTIES

5. At all times relevant hereto, Plaintiff Stephen Stoute was a resident of the State of Massachusetts and a citizen of the United States of America.

6. At all times relevant hereto, Defendant Sunila Thomas George was a citizen of the United States and a resident of the State of Massachusetts and was acting under color of state law in her capacity as the commissioner of M.C.A.D. Defendant George is sued both individually and in her official Capacity.

7. At all times relevant hereto, Defendant Ralph C Martin was a resident of the state of Massachusetts. Defendant Martin is sued individually.

8. At all times relevant hereto, Defendant Joseph Cohen was a resident of the state of Massachusetts and a citizen of the United States and was acting under color of state law in his capacity as investigator for MCAD.

9. At all times relevant hereto, Defendant Scott Sheehan was a resident of the State of Massachusetts. Defendant Sheehan is sued individually.

10. Northeastern University is a corporation that operates in the higher education sector and is located in Massachusetts.

## STATEMENT OF FACTS

11. Plaintiff incorporates all of the proceeding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

12. On or around December 7, 2017 a letter was sent to Northeastern University, along with transcripts.

13. The letter that was sent was to inform Northeastern University legal department that they needed to contact the Plaintiff because it was determined that there was a breach of contract.

14. The Plaintiff didn't receive any contact from Northeastern University.

15. On or Around Jan 7, 2018 Plaintiff sent an email to senior vice council Ralph C Martin informing him that a breach of contract occurred.

16. Ralph C Martin Didn't respond to the email informing him of a breach of contract.

17. On or around the beginning of February 2018 Plaintiff sent another email to Ralph C Martin.

18. This second email was sent in event Defendant Martin dishonor through nonperformance and nonresponse was unintentional or due to reasonable neglect, mistake, or impossibility.

19. After ten business days there was no response back.

20. This is tacit admission.

21. On or around March 9, 2018 Plaintiff filed a civil complaint of race discrimination in college admission with the Massachusetts Commission Against Discrimination, hereinafter "MCAD".

22. On ( insert date here) Plaintiff added three individual persons to the complaint.

23. These individuals are Randy Katz, John Armendariz and Scott Sheehan.

24. On or around June 9, 2018 Plaintiff filed an amended complaint to MCAD

25. The amended complaint contained two additional persons

26. Those individual persons was Ralph C Martin and Mary Ann Philips

27. The amended complaint was delivered to MCAD where it was accepted.

28. On or around May 20, 2018 Plaintiff contacted Joseph Cohen to ask why this amended complaint wasn't provided to the Defendant Northeastern University.

29. Joseph Cohen didn't respond.

30. On or around May 24, 2018 Plaintiff contacted Joseph Cohen again to ask why the amended complaint was not given to the Defendant Northeastern University.

31. There was no response from Joseph Cohen.

32. The Plaintiff was told by an MCAD employee to leave a message with Joseph Cohen.

33. On or around May 24, 2018 Plaintiff stated to MCAD and Joseph Cohen that their actions showed that they was aiding and abetting Northeastern University.

34. Joseph Cohen didn't like this questioning of his actions and that of MCAD by that of an African American male.

35. This questioning was constitutionally protected speech under the First Amendment to the United States Constitution.

36. Shortly after explaining how MCAD was aiding and abetting Northeastern University, Plaintiff 's ebt benefits was stopped.

37. Up to this point the Plaintiff had met the requirements of the Department of Transitional assistance hereinafter "DTA".

38. Plaintiff filed an appeal with DTA.

39. Plaintiff was entitled to continue to receive benefits while waiting for his appeal hearing.

40. Even though the statutory laws entitled plaintiff to the continuation of these benefits, Plaintiff was deprived of his benefits.

41. On Aug 10, 2018 the Plaintiff visited the local DTA to find out why his benefits weren't continued. The DTA employee didn't give Mr. Stoute any reason for why this was happening.

42. The appeal hearing was scheduled for August 22, 2018

43. On august 21, 2018 Plaintiff made a visit to the local DTA office to request all the evidence that was going to be used against him.

44. Before Mr. Stoute could see the alleged evidence that was suppose be used against him. An employee named Cheryl came out and stated that they are going to turn on the benefits and that they wouldn't need to have a hearing.

45. The reason for this was because there was no evidence that was going to be used against Mr Stoute.

46. DTA employee Cheryl lied about the DTA appeal being cancelled, as shortly after the appeal hearing date of Aug 22, 2018 a letter was sent to Mr. Stoute's home stated that he did not show to his hearing and as such gave up his right to have the matter be heard.

47. DTA did this in an attempt to divert from liability for the fabricated charges and depriving Mr. Stoute of the continuation of benefits during the period from July 12, 2018 to August 22, 2018.

48. On November 11, 2019 the Plaintiff benefits was cut again.

49. On November 11, 2019 the Plaintiff card didn't work.

50. The Plaintiff was coerced and manipulated into having to go to the local DTA.

51. Up to this point the Plaintiff had met the requirements of the DTA.

52. The Plaintiff asked for the name of the DTA employee who shut off his EBT card.

53. The DTA office wouldn't supply Mr. Stoute with the name of the employee who shut off his ebt card.

54. Plaintiff asked for the name of the employee who denied Mr. Stoute the continuation of his benefits while awaiting an appeal hearing.

55. The DTA office denied The Plaintiff the name of that employee too.

56. This denial of the names of the individuals responsible for depriving Mr. Stoute of his rights is a cause of actions in this suit.

57. Before the Plaintiff could respond to a rebuttal from the Defendant Northeastern University, Joseph Cohen pre-decided the case in favor of Northeastern University.

58. All of the above-described acts were done by the defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr. Stoute's federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of Sunila Thomas George of MCAD, DTA and Northeastern University.

## FIRST CLAIM FOR RELIEF

**42 U.S.C SECTION 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C section 1981**

(Against Defendant George, Cohen, Sheehan, Martin and Northeastern University)

59. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

60.   42 U.S.C section 1983 provides that:

Every person who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress...

61. Plaintiff in this action is a citizen of the United States and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C section 1983.

62. Defendants Cohen and George to this claim, at all times reelvant hereto, were acting under the color of state law in their capacity and their acts or omissions were conducted within the scope of their official duties or employment.

63. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement and to enjoy the equal protection of the laws.

64.     Title 42 U.S.C section 1981 provides, in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

65. Plaintiff, as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C section 1981 to be free from racially motivated filing of false charges.

66. At the time of the complained of conduct, these rights were clearly established at that time.

67. Plaintiff's race was a motivating factor in the decisions to deny admission into Northeastern University, make a pre-decided claim for Northeastern University and maliciously prosecute Plaintiff with false charges. Defendants conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and section 1981.

68. Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Stoute's federally protected rights.

69. The acts or omissions of all the Defendants were moving forces behind Plaintiff's injuries.

70. These individual Defendants acted in concert and joint action with each other.

71. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

72. Defendants are not entitled to qualified immunity for the complained of conduct.

73. The Defendants to this claim at all times relevant hereto were acting pursuant to custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

74. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of these Defendants' unlawful conduct, Plaintiff has incurred special damages and has continue to incur further special damages related expenses.

75. Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C section 1988, pre judgement interest and costs as allowable by federal law. There may also be special damages for lien interests.

76. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named defendants under 42 U.S.C section 1983 in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.