UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN STOUTE,<br>Plaintiff,<br><br>v.<br><br>RALPH MARTIN, et al.,<br>Defendants. | Civil Action No.<br>20-10470-NMG |

**ORDER**

**GORTON, J.**

On March 6, 2020, plaintiff Stephen Stoute ("Stoute") filed a pro se complaint and a motion for leave to proceed in forma pauperis. See Docket Nos. 1, 2. Stoute subsequently filed ten documents seeking to add defendants or additional statements of fact. See Docket Nos. 4 - 13.

By Memorandum and Order dated July 22, 2020, Stoute was granted leave to proceed in forma pauperis and was advised that the complaint failed to state a claim. See Docket No. 15. Stoute was granted 21 days to file an amended complaint. Id. On August 21, 2020, a copy of the July 22, 2020 Order was returned to the court as undeliverable. See Docket No. 16. Stoute was no longer at the address he provided to the court. Id. Because Stoute failed to inform the court of his new address as required under this Court's local rules, see District of Massachusetts Local Rule 83.5.5(h) (requiring pro se litigants to inform the clerk of any change of

address within 14 days of the change), this action was dismissed without prejudice on September 17, 2020. See Docket No. 17.

More than one year later, Stoute filed two pleadings seeking to "update" the case by adding five individuals as defendants. See Docket Nos. 20, 21. On March 17, 2022, Stoute filed a one-page pleading seeking to reopen the case. See Docket No. 22. Stoute states that he never received an order from the court and that he believes "the court made an error by delivering [the court's orders] to 50 Meridian Street, Boston, MA." Id.

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" various reasons. Fed. R. Civ. P. 60(b). "[R]elief under Rule 60(b) is extraordinary in nature and... motions invoking that rule should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). "[A] party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id. (affirming denial of motion).

Here, Stoute fails to provide a basis for the court to reopen this action. The clerk mailed all court orders to the address provided on Stoute's complaint. Stoute now provides his current

[2]

address eighteen months after the dismissal of this action and more than two years after he initially filed his complaint.

Accordingly, the pending motions are denied and this action remains CLOSED on the court's docket. The Clerk shall mail a copy of this Order to Stoute at 47 Orange Street, Chelsea, MA 02150.

**So ordered.**

Dated: April 6, 2022

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge